**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| COMPANIA APICOLA ARGENTIA S.A.; D'AMBROS MARIA DE LOS ANGELES D'AMBROS MARIA DANIELA SH; D'AMBROS MARIA DE LOS ANGELES D'AMBROS MARIA DANIELA SRL; GASRRONI SRL; PATAGONIK FOOD S.A.; VILLAMORA S.A.; AND PRAIRIE IMPORTS LLC | Court No. 26-03238 |
|           Plaintiffs,<br>  v.<br>UNITED STATES,<br>          Defendant. | |

**COMPLAINT**

1.    Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs Compañia Apicola Argentina S.A., D'Ambros Maria De Los Angeles D'Ambros Maria Daniela SH, D'Ambros Maria De Los Angeles D'Ambros Maria Daniela SRL, Gasrroni SRL, Patagonik Food S.A., Villamora S.A and Prairie Imports LLC ("Plaintiffs"), by and through their counsel, contest the final results of the Department of Commerce in the antidumping ("AD") duty administrative review of *Raw Honey From Argentina* covering the June 1, 2023, through May 31, 2024 period of review ("POR"). The contested determination was published as *Raw Honey From Argentina: Final Results of the Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 35,670 (Dep't of Commerce June 12, 2026) ("*Final Results*"), and accompanying Final Issues and Decisions Memorandum ("*Final IDM*").

**JURISDICTION**

2.    Paragraph 1 is re-alleged and incorporated herein by reference.

1

3. This action challenges certain factual findings, legal conclusions, and determinations in Commerce's *Final Results*, 91 Fed. Reg. 35,670, and accompanying *Final IDM*. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

4. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING

5. Paragraphs 1 to 4 are re-alleged and incorporated herein by reference.

6. Plaintiffs are foreign producers, exporters, and a U.S. importer of raw honey from Argentina, and thus are interested parties pursuant to 19 U.S.C. §§ 1516a(f)(3) & 1677(9)(A).

7. Plaintiffs were parties to and participated in the underlying proceeding.

8. Therefore, Plaintiffs have standing to commence this action under 19 U.S.C. §§ 1516a(a)(2)(B)(iii) and 28 U.S.C. §§ 2631(c) & 1581(c).

## TIMELINESS OF THIS ACTION

9. Paragraphs 1 to 8 are re-alleged and incorporated herein by reference.

10. Commerce published the notice of the *Final Results* in the Federal Register on June 12, 2026. *See Final Results, Final Results*, 91 Fed. Reg. 35,670.

11. Plaintiffs commenced this action by filing a summons on Monday, July 13, 2026. ECF 1, *Summons*. The 30th day after the date of publication of the *Final Results* was Sunday, July 12, 2026. Thus, the 30-day deadline for filing the summons was extended to the next business day, July 13, 2026. USCIT R.6(a)(1)(c).

12.     Plaintiffs are filing this Complaint on August 12, 2026, within 30 days after the filing of the summons, as required by Rule 3(a)(2) of the rules of this Court.  *See* USCIT R.3(a)(2).

13.     This action is therefore timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 28 U.S.C. § 2636(c), and Rule 3(a)(2) and 6(a) of this Court.

## STATEMENT OF FACTS

14.     Paragraphs 1 to 13 are re-alleged and incorporated herein by reference.

15.     Commerce entered an antidumping duty order on raw honey from Argentina in June 2022.  *Raw Honey From Argentina, Brazil, India, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 87 Fed. Reg. 35,501 (Dep't of Commerce June 10, 2022) ("*Order*").

16.     Commerce published a notice initiating the administrative review of 28 producers and/or exporters, covering the June 1, 2023, through May 31, 2024 period of review.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 60,871, 60,873 (Dep't of Commerce July 29, 2024) ("*Initiation Notice*").

17.     Although the statute generally requires that Commerce calculate individual duties for each exporter and producer, 19 U.S.C. § 1677f-1(c)(1), Commerce declared 28 exporters to be too many to review under 19 U.S.C. § 1677f-1(c)(2), and selected just the largest two exporters by volume, NEXCO S.A. and Asociación de Cooperativeas Argentinas Ltda. ("ACA"), as the mandatory respondents.  19 U.S.C. § 1677f-1(c)(2)(B).

18.     In the preliminary results, Commerce calculated a 31.52 percent rate for ACA, and a 1.22 percent rate for NEXCO.  *Raw Honey From Argentina: Preliminary Results and Rescission, In Part, of Antidumping Duty Administrative Review; 2023–2024*, 90 Fed. Reg. 48,035, 48,036 (Dep't of Commerce Oct. 3, 2025) ("*Preliminary Results*").  For the non-

examined companies, Commerce weight-averaged the two calculated rates and assigned the non-examined companies a 4.33 percent rate. *Id.*

19.    Commerce explained that, for the non-examined companies, Commerce was following the rule under 19 U.S.C. § 1673d(c)(5)(A), to weight-average the rates calculated for the examined companies. *Preliminary Results*, 90 Fed. Reg. at 48,035-48,036 & n.11.

20.    In a post-preliminary determination, Commerce revised ACA's rate to 17.46 percent, and NEXCO's rate to 0.00 percent. Commerce increased the rate for non-examined companies by 13.13 percentage points, from the 4.33 percent weighted average of NEXCO and ACA's preliminary rates to ACA's post-preliminary 17.46 percent rate.

21.    Non-examined companies submitted a case brief noting the history of calculated antidumping duty rates under the arguing that the 17.46 percent rate determined for the non-examined companies was aberrational when compared to calculated rates in administrative reviews under the *Order*, and under the previous order on *Raw Honey from Argentina*.

22.    Non-examined companies argued that, per the *Statement of Administrative Action* ("*SAA*") *accompanying the Uruguay Round Agreements Act*, H.R. Doc. 103-316 at 873, *reprinted in* 19 U.S.C.C.A.N. 4040, 4201, the methodology used to determine the rate for non-examined companies must "be reasonably reflective of potential dumping margins for non-investigated exporters or producers," and that Commerce must take extra care in such circumstances with the rate for non-examined companies.

23.    In the final results, Commerce left NEXCO's rate unchanged at 0.00 percent, but raised the rate for ACA to 21.35 percent. *Raw Honey From Argentina: Final Results of the Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 35,670, 35,671 (Dep't of Commerce June 12, 2026) ("*Final Results*").

24.    Commerce rejected the arguments presented by non-examined companies, and again applied ACA's unmodified post-preliminary rate of 21.35 percent, as the rate applicable non-examined respondents.  *Id.*, 91 Fed. Reg. at 35,671, and accompanying *Final IDM*, at 12-16.

25.    In amended final results, after considering ACA's comments on ministerial error, Commerce adjusted ACA's rate to 17.76 percent and also adjusted the rate applicable to the non-examined companies to equal ACA's rate, at 17.76 percent, but left unchanged the methodology for determining the rate for non-examined companies.  *Raw Honey From Argentina: Amended Final Results of Antidumping Duty Administrative Review and Notice of Correction; 2023–2024*, 91 Fed Reg. 48,070 (Dep't of Commerce July 30, 2026).

## STATEMENT OF CLAIMS

### Count One

26.    Paragraphs 1 to 24 are re-alleged and incorporated herein by reference.

27.    Commerce's decision to set the non-examined companies' rate equal to the calculated rate of a single company – without considering whether that rate was reasonably reflective of the potential dumping margins of the non-examined companies – is unsupported by substantial record evidence and is not in harmony with law.

### PRAYER FOR RELIEF AND JUDGMENT

For the reasons stated above, Plaintiffs respectfully requests that the Court:

(a)    enter judgment in Plaintiffs' favor;

(b)    declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)    remand this matter to Commerce for redetermination consistent with the Court's

opinion; and

(d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Mark B. Lehnardt
Davis & Leiman
1012 Connecticut Ave., N.W., Ste.1012
Washington, D.C. 20036
T. 202.642.4850
Dated: August 12, 2026                    *Counsel to Plaintiffs*

6